

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-24-2004

# Jones v. Toyota Mtr Sales USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1397

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Jones v. Toyota Mtr Sales USA" (2004). *2004 Decisions.* Paper 921.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/921

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

03-1397

_____

ANTHONY JONES,
Appellant

v.

TOYOTA MOTOR
SALES USA, INC.

_____

Appeal from the Final Order
Of the Honorable Bruce W. Kauffman
USDC, ED of PA, Entered 01/10/03
Granting Defendant's
Motion for Summary Judgment
(Civil Action No. 01-CV-4187)

_____

Submitted Under Third Circuit LAR 34.1(a) (1993)
December 2, 2003

Before:  SLOVITER, ALITO and FRIEDMAN,* Circuit Judges

(Filed March 22, 2004)

OPINION OF THE COURT

FRIEDMAN, Circuit Judge.

I

---

* Daniel M. Friedman, United States Senior Circuit Judge for the Federal Circuit, sitting by designation.

The appellant Anthony Jones, a postal employee, filed suit in a Pennsylvania state court, which the defendant removed to federal court on the ground of diversity, alleging a product liability crashworthiness claim involving an injury he suffered at work while operating a machine manufactured by the appellee Toyota Motor Sales, U.S.A., Inc. ["Toyota"]. Under the crashworthiness theory, the defect in the product does not itself cause the accident, but instead increases the severity of the injury suffered.

According to the complaint, Jones, as part of his work, "was operating a defectively designed Tow Motor 35 manufactured by the defendant, the steering column of which spun out of control, forcefully striking the plaintiff in his chest and causing him to collide with a steel support beam in the facility, propelling him from the equipment to the ground and causing him to suffer serious injuries." As the district court pointed out, "the sole defect which Plaintiff asserts in this products liability action is the lack of operator restraints," i.e., equipment that would have prevented the operator of the machine from being ejected.

During discovery, however, Jones apparently changed his theory of what happened, and the district court described his contention as follows: "during his operation of the towmotor, it took off, spun clockwise out of control, and struck a perpendicular pole in the workplace, thus hurling him out of the machine and causing him to strike his chest against the pole."

The district court's scheduling order required Jones "to produce expert reports" by a specified date. In response to Toyota's interrogatories, Jones "stated that he 'does not expect to call any liability expert witnesses.'"

2

The district court granted Toyota's motion for summary judgment. The court stated that under Pennsylvania law, to prevail under a crashworthiness theory:

> [A] plaintiff must prove three elements: "First, the plaintiff must demonstrate that the design of the vehicle was defective and that when the design was made, an alternative, safer, practicable design existed. Second, the plaintiff must show what injuries, if any, the plaintiff would have received had the alternative safer design been used. Third, the plaintiff must prove what injuries were attributable to the defective design." [citation omitted]

`

Although Jones contended that "the concept of providing a belt or restraint to a bilateral open-sided machine is not beyond the comprehension of ordinary lay persons," the court concluded that "[w]ithout expert testimony, a jury would be left to speculate over the design features of Plaintiff's hypothetical operator restraint system, how that restraint system would have performed in a dynamic collision scenario, and whether such a restraint system would have lessened the injuries that Plaintiff would have suffered from the impact with the workplace pole. Such engineering, medical, and biomechanical analysis is not within the know-how of the ordinary layperson, and thus requires expert evidence."

II

Under "Pennsylvania products liability law," which "controls" this diversity case, Padillas v. Stork-Gamco, Inc., 186 F.3d 412, 414 (3d Cir. 1999), a crashworthiness products liability case requires the plaintiff to establish the three elements the district court specified. Colville v. Crown Equip. Corp., 809 A.2d 916, 922-23 (Pa. Super. Ct. 2002). As this court has explained, "[u]nlike orthodox products liability . . . litigation,

3

crashworthy or second collision cases impugning the design of a [product] require a highly refined and almost invariably difficult presentation of proof in three aspects." Huddell v. Levin, 537 F.2d 726, 737 (3d Cir. 1976). It there further pointed out "[w]here the issue concerns a product's design, . . . it would seem that expert opinion is the only available method to establish defectiveness, at least where the design is not patently defective." Id. at 736.

The district court cited Pennsylvania cases indicating that, at least where the design issues are beyond the ordinary comprehension of layman, expert testimony is required to assist the jury in performing the function. Here, as noted, the district court rejected Jones' contention that "the concept of providing a belt or restraint to a bilateral open-sided machine is not beyond the comprehension of ordinary lay persons," because the question was not that simple and would require an "engineering, medical, and biomechanical analysis [that] is not within the know-how of the ordinary layperson, and thus requires expert evidence."

The need for Jones to present expert testimony was particularly great because Toyota's motion for summary judgment included affidavits of two engineering experts. One engineer explained in considerable detail "why generally operator 'restraints' on a tow tractor do not make good engineering sense and . . . would not add to the overall safety of such a tow tractor," and pointed out flaws in Jones' theory. The other engineer explained why the "tow tractor is not defective in design because of 'lack of restraints.' To the best of [his] knowledge, no manufacturer of ITA Class III products in the world

4

has operator 'restraints,' and no design or safety standard calls for operator 'restraints' on such tow tractors.  The concept is not a safe one from a design standpoint."

In response to the motion, Jones did not submit any answering affidavit or documentation.  He filed only a four-page "memorandum of law contra" the motion, in which he argued that expert evidence was not required because the questions the jury would have to decide were within its comprehension.

In short, the district court correctly concluded that Jones' failure to produce expert evidence relating to the three crashworthiness factors was fatal to his case, and properly granted summary judgment in favor of Toyota.

The judgment of the district court is affirmed.